The opinion of the Court was delivered by
Mr. Justice Johnson.
1st, The general rule is, that to enable one party to go into secondary, or parol evidence, of the contents of a writing which is in possession of the opposite party, notice to produce it at the trial is necessary; but to this rule there are exceptions; as where from the nature of the proceedings, a defendant must know that the plaintiff intends to charge him with the possession of the writing; as in trover for a bond, notice is not necessary. So in a criminal prosecution for stealing a promissory note, it was held that notice to produce it was not necessary. Phillips, 338, 339. So when a party has fraudulently got possession of an instrument belonging to the opposite party, notice is not necessary; as where a witness had been called on by one party to produce a paper at the trial, and after the commencement of the action had given it to the opposite party, lb. 340.
The application of the principle of these exceptions to the general rule, to the present case, is plain and manifest. The proceedings must have apprised the defendant that this note was the foundation of the action, and he, by a fraudulent and forcible act, had deprived the plaintiff of the best evidence the nature of the case ad *67 mitted of, and now asks that he may be compelled to produce it. He knew the noté was neces- •, í sary to the action, and had obtained it by iraud, and therefore comes within the exceptions.
ackmwiedgmenf f ^fíuí'oVthe
2d. The only evidence relied on to take the case out of the statute of limitations, was the observation of the defendant at the timé hé got possession of the note, “ I ani glad I have got my hands on it; I have paid it long ago, and I will now keep it.” I am aware that the slightest acknowledgment of a debt has been held sufficient to take it out of the statute, and if defendant said no more than “ I am glad 1 have got my hands on it,” there might have been some reason for' considering it as an admission that he gave the note, and perhaps from thence it might be possible to- infer an acknowledgment, the slightest indeed, that the debt was still existing; but when he adds, “ 1 have paid it long ago,” it appears to me to be the very case provided for by the statute, and the rule certainly is, that an acknowledgment must be taken altogether.
I am of opinion, therefore, that the defendant is entitled to a new trial on this ground.
Grimké, Colcocle, Cheves, and Qantt, J. concurred.